UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
AMADA VICTORIA MARTINEZ TRUJILLO and
ADRIAN RAMIREZ MANZO,

Case No.:

COMPLAINT

                                        Plaintiffs,

           -against-

UNITED STATES OF AMERICA,

                                        Defendant.
------------------------------------------------------------------X

Plaintiffs, though their attorneys, Meagher & Meagher, P.C., upon information and belief, allege the following:

## SUBJECT MATTER JURISDICTION AND VENUE

1.      The Court has subject-matter jurisdiction pursuant to 28 U.S.C. 1346(b) and 1367(a).

2.      Venue is proper pursuant to 28 U.S.C. 1391(e) in that this is an action against the United States of America and agents thereof are located in the County of Westchester and the acts and omissions alleged occurred within the Southern District of New York and Plaintiff resides in Port Chester, New York.

## THE PARTIES

3.      Plaintiffs, AMADA VICTORIA MARTINEZ-TRUJILLO and ADRIAN RAMIREZ- MANZO did and still reside in Westchester County, State of New York, at 224 Seymour Road, Port Chester, New York 10573.

4.      At all times herein mentioned, OPEN DOOR FAMILY MEDICAL CENTER (hereinafter referred to "OPEN DOOR"), was a duly constituted department and entity of the UNITED STATES OF AMERICA.

1

5. At all times hereinafter mentioned Defendant, UNITED STATES OF AMERICA, owned, operated, managed, and funded OPEN DOOR.

6. At all times OPEN DOOR, had a principal place of business located at 5 Grace Church Street, Port Chester, New York 10573.

7. At all times hereinafter mentioned, OPEN DOOR, owned, operated, and controlled the facility located at 5 Grace Church Street, Port Chester, New York 10573.

8. At all times hereinafter mentioned, OPEN DOOR, owned, operated, and controlled the facility located at 165 Main Street, Ossining, New York 10562.

9. At all times hereinafter mentioned, the Defendant, UNITED STATES OF AMERICA, owned, operated, and controlled the facility located at 5 Grace Church Street, Port Chester, New York 10573.

10. At all times hereinafter mentioned, the Defendant, UNITED STATES OF AMERICA, owned, operated, and controlled the facility located at 165 Main Street, Ossining, New York 10562.

11. At all the times hereinafter mentioned, LISHA COSTER (hereinafter referred to as "COSTER"), was a certified nurse midwife licensed to practice midwifery and practicing midwifery in the State of New York.

12. At all the times hereinafter mentioned, COSTER, was an employee of the Defendant, UNITED STATES OF AMERICA.

13. At all times hereinafter mentioned, COSTER, was acting within the scope of her employment as an employee of the Defendant, UNITED STATES OF AMERICA.

14. At all times hereinafter mentioned, COSTER, was an independent contractor of Defendant, UNITED STATES OF AMERICA.

2

15.     At all the times hereinafter mentioned, COSTER, was an employee of OPEN DOOR.

16.     At all times hereinafter mentioned, COSTER, was acting within the scope of her employment as an employee of OPEN DOOR.

17.     At all times hereinafter mentioned, COSTER, was an independent contractor of OPEN DOOR.

18.     At all the times hereinafter mentioned, RONKE ALO (hereinafter referred to as "ALO"), was a physician licensed to practice medicine and practicing medicine in the State of New York.

19.     At all the times hereinafter mentioned, ALO, was an employee of the Defendant, UNITED STATES OF AMERICA.

20.     At all times hereinafter mentioned, ALO, was acting within the scope of her employment as an employee of the Defendant, UNITED STATES OF AMERICA.

21.     At all times hereinafter mentioned, ALO, was an independent contractor of Defendant, UNITED STATES OF AMERICA.

22.     At all the times hereinafter mentioned, ALO, was an employee of OPEN DOOR.

23.     At all times hereinafter mentioned, ALO, was acting within the scope of her employment as an employee of OPEN DOOR.

24.     At all times hereinafter mentioned, ALO, was an independent contractor of OPEN DOOR.

25.     At all the times hereinafter mentioned, NANCY SOLOMON (hereinafter referred to as "SOLOMON"), was a certified nurse midwife licensed to practice midwifery and practicing midwifery in the State of New York.

3

26.     At all the times hereinafter mentioned, SOLOMON, was an employee of the Defendant, UNITED STATES OF AMERICA.

27.     At all times hereinafter mentioned, the Defendant, SOLOMON, was acting within the scope of her employment as an employee of the Defendant, UNITED STATES OF AMERICA.

28.     At all times hereinafter mentioned, SOLOMON, was an independent contractor of Defendant, UNITED STATES OF AMERICA.

29.     At all the times hereinafter mentioned, SOLOMON, was an employee of OPEN DOOR.

30.     At all times hereinafter mentioned, SOLOMON, was acting within the scope of her employment as an employee of OPEN DOOR.

31.     At all times hereinafter mentioned, SOLOMON, was an independent contractor of OPEN DOOR.

32.     At all times hereinafter mentioned, OPEN DOOR, claimed to and held itself out to the public that they provided proper medical care, safe and good treatment to its patients, including Plaintiff, AMADA VICTORIA MARTINEZ TRUJILLO.

33.     At all times hereinafter mentioned, Defendant, UNITED STATES OF AMERICA, claimed to and held itself out to the public that they provided proper medical care, safe and good treatment to its patients, including Plaintiff, AMADA VICTORIA MARTINEZ TRUJILLO.

34.     From June 2017 through November 2019, Plaintiff, AMADA VICTORIA MARTINEZ TRUJILLO was a patient of Defendant, UNITED STATES OF AMERICA.

35.     From June 2017 through November 2019, Plaintiff, AMADA VICTORIA

4

MARTINEZ TRUJILLO was a patient of OPEN DOOR.

36.     From June 2017 through November 2019, Plaintiff, AMADA VICTORIA
MARTINEZ TRUJILLO was a patient of COSTER.

37.     From June 2017 through November 2019, Plaintiff, AMADA VICTORIA
MARTINEZ TRUJILLO was a patient of ALO.

38.     From June 2017 through November 2019, Plaintiff, AMADA VICTORIA
MARTINEZ TRUJILLO was a patient of SOLOMON.

39.     During the years 2017 through 2019, and more specifically from June 2017
through November 2019, the Defendant, UNITED STATES OF AMERICA, provided medical
care and treatment to Plaintiff, AMADA VICTORIA MARTINEZ TRUJILLO.

40.     During the years 2017 through 2019, and more specifically from June 2017
through November 2019, OPEN DOOR, provided medical care and treatment to Plaintiff,
AMADA VICTORIA MARTINEZ TRUJILLO.

41.     During the years 2017 through 2019, and more specifically from June 2017
through November 2019, COSTER, provided medical care and treatment to Plaintiff, AMADA
VICTORIA MARTINEZ TRUJILLO.

42.     During the years 2017 through 2019, and more specifically from June 2017
through November 2019, ALO, provided medical care and treatment to Plaintiff, AMADA
VICTORIA MARTINEZ TRUJILLO.

43.     During the years 2017 through 2019, and more specifically from June 2017
through November 2019, SOLOMON, provided medical care and treatment to Plaintiff,
AMADA VICTORIA MARTINEZ TRUJILLO.

44.     That at all times herein mentioned, from 2007 through 2017, Defendant, its

agents, servants and/or employees, including but not limited to OPEN DOOR, COSTER, ALO

and SOLOMON, failed to appreciate and treat the signs and symptoms complications from: the

delivery tear, anal sphincter tear, wound breakdown, in the Plaintiff, AMADA VICTORIA

MARTINEZ TRUJILLO.

      45.     That at all times herein mentioned, from 2017 through 2019, Defendant, its

agents, servants and/or employees, including but not limited to OPEN DOOR, COSTER, ALO

and SOLOMON failed to follow the standards of care as it related to, *inter alia*, : failing to

properly monitor the claimant during the labor and delivery and establish an appropriate delivery

plan; failing to perform an episiotomy; in negligently performing an episiotomy; in failing to

recognize the need for an episiotomy, in allowing the Plaintiff to sustain a severe tear to the

perineal area; in failing to understand the significance of the injury then and there existing and

treat it in a timely manner; failing to perform appropriate follow up examinations and understand

the significance of the findings; in failing to follow up on the Plaintiff's complaints so as to

timely recognize the injury and make appropriate and timely treatment recommendations at a

time when it would have reduced the permanent and significant injuries sustained by Plaintiff,

AMADA VICTORIA MARTINEZ TRUJILLO.

      46.     That at all times herein mentioned, from 2017 through 2019, Defendant, its

agents, servants and/or employees including but not limited to OPEN DOOR, COSTER, ALO

and SOLOMON failed to follow the standards of care resulting in the loss of chance to avoid the

serious and permanent damages sustained by Plaintiff, AMADA VICTORIA MARTINEZ

TRUJILLO.

## FEDERAL TORT CLAIMS ACT (FTCA) ADMINISTRATIVE PROCEDURE

      47.     On March 31, 2020, Plaintiffs' presented their claims to the appropriate Federal

Agency for administrative settlement under the FTCA pursuant to 28 U.S.C. § 2671, et, seq.
(See Forms 95 submitted on behalf of AMADA VICTORIA MARTINEZ TRUJILLO and
ADRIAN RAMIREZ MANZO attached herewith).

48.     By letter dated September 2, 2020, Plaintiffs' claims were denied.   (See denial
letter attached herewith).

49.     Pursuant to 28 U.S.C. 2401(b) the within Summons and Complaint is timely.

## AS AND FOR A FIRST CAUSE OF ACTION FOR PERSONAL INJURIES

50.     Plaintiffs repeats, reiterates and realleges each and every allegation of paragraphs
"1" through "49" inclusive with the same force and effect as if more fully set forth herein.

51.     Defendant, its agents, servants and/or employees including but not limited to
OPEN DOOR, COSTER, ALO and SOLOMON, undertook to attend and provide medical care
to Plaintiff, AMADA VICTORIA MARTINEZ TRUJILLO, from June 2017 through November
2019 at OPEN DOOR's facilities located at 5 Grace Church Street, Port Chester, New York
10573.

52.     Defendant, its agents, servants and/or employees including but not limited to
OPEN DOOR, COSTER, ALO and SOLOMON, undertook to attend and provide medical care
to Plaintiff, AMADA VICTORIA MARTINEZ TRUJILLO, from June 2017 through November
2019 at OPEN DOOR's facilities located at 165 Main Street, Ossining, New York 10562.

53.     Defendant, its agents, servants and/or employees including but not limited to
OPEN DOOR, COSTER, ALO and SOLOMON, undertook to attend and provide medical care
to Plaintiff, AMADA VICTORIA MARTINEZ TRUJILLO, from June 2017 through November
2019 at PHELPS MEMORIAL HOSPITAL's facilities located at 701 North Broadway, Sleepy
Hollow, New York 10591.

54.     Beginning on June 2017 and continuing through November 2019, the Plaintiff, AMADA VICTORIA MARTINEZ TRUJILLO, presented to Defendant, its agents, servants and employees, including but not limited to OPEN DOOR, COSTER, ALO and SOLOMON, with signs and symptoms, including but not limited to, that were associated with: pregnancy, the need for post-partum care, the need for timely and prompt repair of the perineal tear, the need for timely and prompt repair of the sphincter tear, the need for timely and prompt repair of the anal tear, loss of urinary and fecal control.

55.     Defendant, its agents, servants and employees, including but not limited to OPEN DOOR, COSTER, ALO and SOLOMON, were negligent in their treatment of Plaintiff, AMADA VICTORIA MARTINEZ TRUJILLO, including but not limited to, by failing to appreciate the signs and symptoms of the need for post-partum care, the need for timely and prompt repair of the perineal tear, the need for timely and prompt repair of the sphincter tear, the need for timely and prompt repair of the anal tear, loss of urinary and fecal control exhibited by Plaintiff, AMADA VICTORIA MARTINEZ TRUJILLO and make appropriate recommendations.

56.     Defendants, their agents, servants and employees, including but not limited to OPEN DOOR, COSTER, ALO and SOLOMON, were negligent in their treatment of Plaintiff, AMADA VICTORIA MARTINEZ TRUJILLO, by failing to monitor her for post-delivery injuries.

57.     Defendants, their agents, servants and employees, including but not limited to OPEN DOOR, COSTER, ALO and SOLOMON, were negligent in their treatment of Plaintiff, AMADA VICTORIA MARTINEZ TRUJILLO, by failing to perform appropriate diagnostic tests and/or assessments upon her.

58.     Defendant, its agents, servants and employees, including but not limited to OPEN DOOR, COSTER, ALO and SOLOMON, were negligent in their treatment of Plaintiff, AMADA VICTORIA MARTINEZ TRUJILLO, by failing to timely diagnose Plaintiff, AMADA VICTORIA MARTINEZ TRUJILLO, with a perineal tear and/or a sphincter tear and/or an anal tear and/or the loss of urinary and fecal control.

59.     Defendant, its agents, servants and employees, including but not limited to OPEN DOOR, COSTER, ALO and SOLOMON, were negligent in their treatment of Plaintiff, AMADA VICTORIA MARTINEZ TRUJILLO, by failing to perform thorough physical examinations, and repeat them at appropriate intervals.

60.     Defendant, its agents, servants and employees, including but not limited to OPEN DOOR, COSTER, ALO and SOLOMON, were negligent in their treatment of Plaintiff, AMADA VICTORIA MARTINEZ TRUJILLO, by failing to appreciate and follow up on Plaintiff,   AMADA VICTORIA MARTINEZ TRUJILLO's complaints immediately post-delivery.

61.     Defendant, its agents, servants and employees, including but not limited to OPEN DOOR, COSTER, ALO and SOLOMON, were negligent in their treatment of Plaintiff, AMADA VICTORIA MARTINEZ TRUJILLO, by failing to administer regular and continuous testing and examinations in light of the constellation of continuing complaints.

62.     Defendant, its agents, servants and employees, including but not limited to OPEN DOOR, COSTER, ALO and SOLOMON, were negligent in their treatment of Plaintiff, AMADA VICTORIA MARTINEZ TRUJILLO, by failing to perform proper vaginal and rectal exams and repeat them on each post-natal visit.

63.     As a result of the improper medical care and treatment and/or the lack thereof

9

rendered to Plaintiff, AMADA VICTORIA MARTINEZ TRUJILLO, by the Defendant herein, its agents, servants and/or employees, including but not limited to OPEN DOOR, COSTER, ALO and SOLOMON, Plaintiff, sustained severe, serious, and permanent personal injuries.

64.     The injuries and damages sustained by Plaintiff were caused by the negligence of the Defendant, its agents, servants and/or employees, including but not limited to OPEN DOOR, COSTER, ALO and SOLOMON, without any negligence on the part of the Plaintiffs contributing thereto.

## AS AND FOR A SECOND CAUSE OF ACTION FOR LACK OF INFORMED CONSENT

65.     Plaintiffs repeat, reiterate and reallege each and every allegation of paragraphs "1" through "64" inclusive with the same force and effect as if more fully set forth herein.

66.     Defendant, its agents, servants and/or employees, including but not limited to OPEN DOOR, COSTER, ALO and SOLOMON, performed and/or failed to perform medical treatment, procedures and diagnostic procedures upon Plaintiff, AMADA VICTORIA MARTINEZ TRUJILLO, without obtaining her informed consent.

67.     Defendant, its agents, servants and/or employees, including but not limited to OPEN DOOR, COSTER, ALO and SOLOMON, failed to disclose all of the facts that a reasonable doctor, or healthcare personnel, under such circumstances, would explain to a patient, including failure to disclose the risks and benefits of various courses of treatment, the alternative thereto, and the risks and benefits relating to the alternatives, and otherwise failed to properly, adequately, and fully inform the Plaintiff, AMADA VICTORIA MARTINEZ TRUJILLO.

68.     Defendant, its agents, servants and/or employees, including but not limited to OPEN DOOR, COSTER, ALO and SOLOMON, failed to advise Plaintiff AMADA VICTORIA MARTINEZ TRUJILLO, of the risks, dangers and consequences associated with the

performance or nonperformance of the aforesaid medical treatments, procedures, and diagnostic procedures.

69.     A reasonably prudent person in Plaintiff's position would not have permitted, allowed or undergone the medical treatments, procedures, and/or diagnostic procedures being performed or withheld and would have chosen a different course of treatment if she had been fully informed of the risks, dangers and consequences and the alternatives thereto.

70.     As a result of the aforesaid medical treatments, procedures, and/or diagnostic procedures being withheld or performed upon Plaintiff, without her informed consent, the Plaintiff, AMADA VICTORIA MARTINEZ TRUJILLO, was damaged.

71.     As a result of the Defendant, its agents, servants, and employees, including but not limited to OPEN DOOR, COSTER, ALO and SOLOMON's, failure to obtain informed consent, Plaintiff AMADA VICTORIA MARTINEZ TRUJILLO, was caused to sustain severe and permanent injuries.

72.     Such lack of informed consent is a proximate cause of Plaintiff, AMADA VICTORIA MARTINEZ TRUJILLO's, injuries for which relief is sought herein.

73.     The injuries and damages sustained by the Plaintiff, AMADA VICTORIA MARTINEZ TRUJILLO, were caused by the negligence of the Defendant, its agents, servants and/or employees, including but not limited to OPEN DOOR, COSTER, ALO and SOLOMON without any negligence on the part of the Plaintiffs, AMADA VICTORIA MARTINEZ-TRUJILLO and ADRIAN RAMIREZ- MANZO, contributing thereto.

74.     By reason of the foregoing, FIRST CAUSE OF ACTION and SECOND CAUSE OF ACTION Plaintiffs have been damage in the sum of TWO MILLION ($2,000,000.00) Dollars.

11

## AS AND FOR A THIRD CAUSE OF ACTION FOR LOSS OF SERVICES

75.     Plaintiff repeats and reiterates and re-alleges all allegations set forth in paragraphs "1" through "74" with the same force and effect as if fully set forth herein.

76.     At all the times herein before mentioned, the Plaintiff, ADRIAN RAMIREZ-MANZO, was the lawful spouse of Plaintiff, AMADA VICTORIA MARTINEZ-TRUJILLO, and cohabited with her as husband and wife.

77.     That by reason of the foregoing negligence of the Defendant herein and without any negligence or culpable conduct on Plaintiffs' part contributing thereto, the Plaintiff, ADRIAN RAMIREZ- MANZO, has been deprived of the consortium, services, love and affection of his wife, all to his damage in the sum of TWO MILLION ($2,000,000.00) Dollars.

### STATEMENT REGARDING EXCEPTIONS IN CPLR ARTICLE 16.

78.     This action falls within one or more exceptions set forth in the Civil Practice Laws and Rules Section 1602.

**WHEREFORE,** Plaintiffs demand judgment against the Defendant, its agents, servants and employees, including but not limited to OPEN DOOR, COSTER, ALO and SOLOMON, for:

a)      Damages in the sum of Two Million and 00/00 Dollars ($2,000,000.00) in the FIRST and SECOND CAUSES OF ACTION; and

b)      Damages in the sum of Two Million ($2,000,000.00) Dollars in the THIRD CAUSE OF ACTION; and

c)      Costs, disbursements, and attorney fees; and

d)      Such other and further relief as this court deems just and proper.


Dated:  White Plains, New York
        September 23, 2020

By: KEITH J. CLARKE, Esq.
MEAGHER & MEAGHER, P.C.
*Attorneys for Plaintiffs*
111 Church Street
White Plains, New York 10601
Tel:     (914) 328-8844
Fax:    (914) 328-8570
lawoffice@meagherandmeagherpc.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
AMADA VICTORIA MARTINEZ TRUJILLO and
ADRIAN RAMIREZ MANZO,

                                   **Plaintiffs,**

        -against-

UNITED STATES OF AMERICA,

                                   **Defendant.**
------------------------------------------------------------------------X

**CERTIFICATE
OF MEDICAL
MALPRACTICE**

       MERRYL F. WEINER, an attorney duly admitted to practice in the Courts of the State of New York and the United States District Court for the Southern District of New York hereby affirms under the penalties of perjury:

       I have reviewed the facts of this case and have consulted with at least one physician who is licensed to practice in this state, or any other state, and I reasonably believe that said physician is knowledgeable as to the relevant issues involved in this particular action and I have concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of this action.

Dated: White Plains, New York
      September 23, 2020

                                               _KEITH J. CLARKE, ESQ._

14

Case No.:

UNITED STATES DISTRCIT COURT
SOUTHERN DISTRICT OF NEW YORK

AMADA VICTORIA MARTINEZ TRUJILLO and
ADRAIN RAMIREZ MANZO

                              Plaintiffs,

          -v-

UNITED STATES OF AMERICA,

                    Defendants.

## COMPLAINT

## MEAGHER & MEAGHER, P.C.
*Attorney for Plaintiff*
111 Church Street
White Plains, New York 10601
(914) 328-8844

Pursuant to FRCP Rule 11, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed documents are not frivolous.

Dated: September 23, 2020

Signature _____

Print Signature's Name KEITH J. CLARKE, ESQ.

Service of a copy of the within                              is hereby admitted.
Dated:_____

                    Attorney(s) for _____